**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **MIRIAM TIJERINA-DAVILA, and** | § | |
| | § | |
| **GILBERT DAVILA** | § | |
| **Plaintiffs,** | § | |
| | § | **Civil Action No. 2:25-cv-00264** |
| **v.** | § | |
| | § | |
| **AXIOS INDUSTRIAL GROUP, LLC,** | § | |
| **FLINT HILLS RESOURCES, LP,** | § | **JURY DEMANDED** |
| **FLINT HILLS RESOURCES, LLC,** | § | |
| **FLINT HILLS RESOURCES, LC, and** | § | |
| **FLINT HILLS RESOURCES CORPUS** | § | |
| **CHRISTI, LLC** | § | |
| **Defendants** | § | |

**ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW Plaintiffs Miriam Tijerina-Davila and Gilbert Davila (collectively "Plaintiffs") by and through their undersigned attorneys of record, and file this Original Complaint against Defendants Axios Industrial Group, LLC, Flint Hills Resources, LP, Flint Hills Resources, LLC, Flint Hills Resources, LC, and Flint Hills Resources Corpus Christi, LLC, (collectively "Defendants") to enforce their rights pursuant to Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. §§ 2000e *et seq.* and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and would show as follows:

## I. PARTIES

1.1. Plaintiff Miriam Tijerina-Davila is an individual and is a resident of the State of Texas. She resides in Hidalgo County, Texas.

1.2. Plaintiff Gilbert Davila is an individual and is a resident of the State of Texas. He resides in Hidalgo County, Texas.

1.3. Defendant Axios Industrial Group, LLC is a domestic limited liability company doing business in the State of Texas. This Defendant can be served with process by serving its registered agent for service of process Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Austin, Texas 78701.

1.4. Defendant Flint Hills Resources Corpus Christi, LLC is a foreign limited liability company doing business in the State of Texas. This Defendant can be served with process by serving its registered agent for service of process United Agent Group, Inc., 2595 N. Dallas Parkway, Suite 350, Frisco, Texas 75034.

1.5. Defendant Flint Hills Resources LP, is a foreign limited partnership doing business in the State of Texas. This Defendant can be served with process by serving its registered agent for service of process United Agent Group, Inc., 2595 N. Dallas Parkway, Suite 350, Frisco, Texas 75034.

1.6. Defendant Flint Hills Resources LLC, is a foreign limited liability company doing business in the State of Texas. This Defendant can be served with process by serving its registered agent for service of process United Agent Group, Inc., 2595 N. Dallas Parkway, Suite 350, Frisco, Texas 75034.

1.7. Defendant Flint Hills Resources LC, is a foreign limited liability company doing business in the State of Texas. This Defendant can be served with process by serving its registered agent for service of process United Agent Group, Inc., 2595 N. Dallas Parkway, Suite 350, Frisco, Texas 75034.

1.8. At all times pertinent to this Complaint, Defendants have been joint employers of Plaintiffs.

## II. JURISDICTION AND VENUE

2.1. This Court has subject matter Jurisdiction under 28 U.S.C. § 1343(a)(4) and 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. §§ 2000e *et seq*. ("Title VII") and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.2. This Court has personal jurisdiction over Defendants because Defendants conduct business in Texas and have entered into relationships with Plaintiffs in Texas and committed actions in Texas that give rise to this cause of action.

2.3. Venue is proper in this district under 28 U.S.C. § 1391 inasmuch as a substantial part of the events or omissions giving rise to this claim occurred in such district.

## III. COVERAGE

3.1. At all times pertinent to this Complaint, Defendants have continuously done business in Texas and have continuously had at least 15 employees.

3.2. At all times pertinent to this Complaint, Defendants have continuously been an employer engaged in an industry affecting commerce under Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

3.3. At all times pertinent to this Complaint, Plaintiffs were employed by Defendants.

3.4. At all times pertinent to this Complaint, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiffs.

3.5. At all times pertinent to this Complaint, Defendants have been joint employers of Plaintiffs.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.1. Plaintiff Miriam Tijerina-Davila filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") on, or about, March 19, 2025, alleging sex discrimination and retaliation. The EEOC issued its "Notice of Right to Sue" on September 11, 2025, and this matter is being filed within 90 days of receipt of the "Notice of Right to Sue."

4.2. Plaintiff Gilbert Davila filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") on, or about, July 16, 2025, alleging retaliation. The EEOC issued its "Notice of Right to Sue" on September 17, 2025, and this matter is being filed within 90 days of receipt of the "Notice of Right to Sue."

## V. FACTUAL BACKGROUND

5.1. Gilbert Davila and Miriam Tijerina-Davila are husband and wife.

5.2. On, or about, November 1, 2024, Plaintiff Miriam Tijerina-Davila was hired by Axios and was assigned to work as a scaffolding helper at a Flint Hills Resources location in Corpus Christi, Nueces County, Texas.

5.3. On, or about, November 1, 2024, Plaintiff Gilbert Davila was also hired by Axios and was assigned to work at the same Flint Hills Resources location in Corpus Christi, Nueces County, Texas.

5.4. Upon her start at the Flint Hills Resources location, Plaintiff Miriam Tijerina-Davila became the target of persistent and unwelcome harassment by Robert Perez, another an employee of Flint Hills Resources.

5.5. Upon their first meeting, Mr. Perez introduced himself and began staring at Miriam, making her feel uncomfortable. He expressed his desire to see her "every day." Over time, his behavior escalated, and he repeatedly invited her to lunch. Miriam consistently declined these

invitations, stating that she would only consider attending lunch if her husband, Gilbert, accompanied her.

5.6. Mr. Perez continued his harassment by blowing kisses at Plaintiff Miriam Tijerina-Davila, making inappropriate comments about her lips and body, and asking her to sneak away to the lunchroom with him.

5.7. Mr. Perez' conduct became increasingly explicit, including grabbing his crotch in front of her, instructing her to walk in a specific manner, stating that she aroused him, and explicitly telling her that he wanted to perform oral sex on her.

5.8. Mr. Perez sexually harassed Plaintiff Miriam Tijerina-Davila every day during her employment with Defendants causing her significant anxiety and depression.

5.9. Plaintiff Miriam Tijerina-Davila and her husband Gilbert Davila prepared written statements describing Mr. Perez' inappropriate and unlawful conduct and presented these written statements to Wulston Paul (or Paul Wulston), a Flint Hills Supervisor, in early February 2025.

5.10. Other employees witnessed Mr. Perez' conduct and made written reports to Flint Hills and Axios supervisors.

5.11. Rather than taking steps to protect Plaintiff Miriam Tijerina-Davila from Mr. Perez and his inappropriate and unlawful conduct, Flint Hills took punitive action against both Plaintiffs by cutting their badges, effectively terminating their employment and resulting in immediate loss of wages and work opportunities.

5.12. Axios terminated Plaintiff Miriam Tijerina-Davila's employment as well.

5.13. Plaintiff Gilbert Davila continued to work for Axios until he was terminated by Axios on June 1, 2025, as a result of his association with Plaintiff Miriam Tijerina-Davila and his efforts to report unlawful sexual harassment.

## VI. CAUSES OF ACTION:

### A. Miriam Tijerina-Davila

#### Violation of Title VII

6.1. From about November 1, 2024, until the termination of her employment in February 2025, Defendants violated Title VII, 42 U.S.C. § 2000e-2 by permitting her to be subjected to the continuous and unwelcomed sexual advances of Mr. Robert Perez.

6.2. By reporting the inappropriate and unlawful conduct of Mr. Perez, Plaintiff Miriam Tijerina-Davila engaged in protected activity. In response, Defendants retaliated by terminating her employment in violation of Title VII, 42 U.S.C. § 2000e-3.

6.3. The unlawful employment practices complained of herein were intentional.

6.4. The unlawful employment practices complained of herein were done with malice or with reckless indifference to the federally protected rights of Plaintiff Miriam Tijerina-Davila.

6.5. As a result of Defendant's violations of Title VII, Plaintiff Miriam Tijerina-Davila has suffered mental anguish, emotional pain and suffering, inconvenience, loss of enjoyment of life, and actual damages in the form of lost wages and benefits (past and future), and other losses.

6.6. As a result of these violations of Title VII, Plaintiff Miriam Tijerina-Davila requests that she be awarded all actual, compensatory, and punitive damages to which she is entitled pursuant to Title VII, as well as all equitable relief, attorney's fees, and costs.

### B. Gilbert Davila

#### Violation of Title VII

6.7. Defendants violated Title VII, 42 U.S.C. § 2000e-3 by retaliating against Plaintiff Gilbert Davila.

6.8. As described herein Plaintiff Gilbert Davila engaged in protected activity and, because he engaged in such protected activity, Plaintiff Gilbert Davila was subjected to one or more adverse employment actions including termination of employment.

6.9. The unlawful employment practices complained of herein were intentional.

6.10. The unlawful employment practices complained of herein were done with malice or with reckless indifference to the federally protected rights of Plaintiff Gilbert Davila.

6.11. As a result of Defendants' unlawful retaliation, Gilbert Davila has suffered mental anguish, emotional pain and suffering, inconvenience, loss of enjoyment of life, and actual damages in the form of lost wages and benefits (past and future), and other losses.

6.12. As a result of Defendants' unlawful retaliation, Gilbert Davila requests that he be awarded all actual, compensatory, and punitive damages to which he is entitled pursuant to Title VII, as well as all equitable relief, attorney's fees, and costs.

## VII. Injunction

7.1. The conduct of Defendants as alleged herein was intentional and Plaintiffs request the Defendants be enjoined from engaging in such unlawful employment practices and that the Court order such other affirmative action as the Court may deem appropriate.

## VIII. JURY TRIAL DEMAND

8.1 Plaintiffs demand a jury trial on all issues so triable.

## IX. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendants be cited to appear and answer, and that on final trial, Plaintiffs have judgment against Defendants as follows:

a. Determining that Defendants engaged in unlawful intentional discriminatory employment practices as alleged herein;

b. Determining that Defendants engaged in discriminatory employment practices with malice or with reckless indifference to the federally protected rights of Plaintiffs, and with conscious disregard to such rights;

c. Enjoining Defendants from engaging in such unlawful employment practices and reinstating Plaintiffs;

d. Awarding Plaintiffs back pay;

e. Awarding Plaintiffs front pay;

f. Awarding Plaintiffs compensatory damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life;

g. Awarding Plaintiffs punitive damages;

h. Awarding Plaintiffs pre- and post-judgment interest;

i. Awarding Plaintiffs costs and expenses, including reasonable attorney's fees and expert's fees;

j. Awarding Plaintiffs pecuniary damages for costs related to seeking subsequent employment; and

k. The award of such other and further relief, both at law and in equity, to which Plaintiffs may be justly entitled under Title VII.

Respectfully submitted,

**LOCKE HENRY LAW, PLLC**

By: *<u>/s/ Thomas Locke Henry</u>*
**Thomas Locke Henry**
Texas Bar No. 24118408
Federal Bar No. 3662374
locke@lockehenrylaw.com
2914 S. Padre Island Dr.
Corpus Christi, Texas 78415
Tel.: (361)792-2788
Fax: (361) 643-6404

AND

By: *<u>/s/ David G. Langenfeld</u>*
**David G. Langenfeld**
Attorney-in-Charge
State Bar No. 11911325
Fed. ID No. 15878
KEY LAW OFFICE
1760 FM 967, Suite A
Buda, TX 78610
Tel.: (512) 688-6709
Fax: (512) 727-3324
Email: david@keylawoffice.com

**ATTORNEYS FOR PLAINTIFFS**